UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANNY BERNARD DAVIS,

    Petitioner,

v.                            Case No. 5:11cv384/MP/CJK

PAIGE AUGUSTINE,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 and accompanying memorandum. (Docs. 12 & 13). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate currently residing at Residential Reentry Management Field Office in Nashville, Tennessee, is serving a sentence imposed by the United States District Court for the Western District of Tennessee ("Western District") in *United States v. Davis*, Case Number 1:05cr10051-JDT-1. (Docs. 12, p. 2; 21-1, p. 7). Petitioner was confined at the Federal Correctional Facility in

Marianna, Florida at the time he filed his petition. In Case Number 1:05cr10051, petitioner was convicted, pursuant to his guilty plea, of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, p. 2; *see also United States v. Davis*, Case Number 1:05cr10051-JDT, doc. 40). Petitioner was sentenced on June 27, 2007, to eighty-seven months imprisonment. (Western District Case No. 1:05cr10051-JDT, doc. 47).

In this habeas action, petitioner challenges the Federal Bureau of Prisons ("BOP") refusal to grant him jail credit for pre-trial time served under 18 U.S.C. § 3585(b)(2). (Docs. 12 & 13 ). Petitioner claims he should receive credit for a period he was incarcerated between April 7, 2005, and September 17, 2007. (Doc. 12, p. 6). On April 7, 2005, petitioner was arrested in Madison County, Tennessee, by the Madison County Sheriff's Department for the sale and delivery of cocaine, as well as probation violations. (Doc. 21-1, p. 1). On April 19, 2005, petitioner's probation was revoked and he was sentenced to an eleven month and twenty-nine day state sentence for violating probation.[1] (Doc. 21-1, p. 1). On June 27, 2007, petitioner was released into federal custody. As discussed above, plaintiff subsequently pled guilty to one count of possession of a firearm by a convicted felon in *United States v. Davis*, Western District Case Number 1:05cr10051-JDT. Following the plea, petitioner, based upon the "primary jurisdiction of state officials," was transferred back into state custody and sentenced on July 16, 2007, to three years in prison for state cocaine charges related to the April 7, 2005 arrest. (Doc. 21-1, p. 2). Based upon a time-served credit running from April 21, 2005, petitioner completed his state sentence on September 17, 2007, and was released "by mistake" despite the presence of a federal

---

[1] Petitioner received jail credit for time served in two separate state cases, case numbers 04-617 and 04-434, for the period between April 5, 2005 and April 18, 2005.

detainer. (Docs. 13, p. 6; 21-1, p. 2). On October 11, 2007, the Western District issued an arrest warrant, and on October 29, 2007, petitioner was taken into custody by federal authorities to begin serving his federal sentence. (Doc. 21-1, p. 2).

DISCUSSION

As an initial matter, the government argues that petitioner's claims lack jurisdiction because he has not exhausted his administrative remedies. (Doc. 21, pp. 3-4). Under the Prison Litigation Reform Act ("PLRA"), exhaustion of claims prior to the filing of a habeas petition is "mandatory" and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). Accordingly, inmates who have filed "an untimely or otherwise procedurally defective administrative grievance or appeal" have not satisfied the PLRA's exhaustion requirements concerning administrative remedies. *Id*. at 83-84.

The government advances the declaration of Dawn Giddings, a management analyst for the Federal Bureau of Prisons' Designation and Sentence Computation Center. (Doc. 21-1). In the declaration, Ms. Giddings avers that petitioner has not properly exhausted his administrative remedies because his remedy was "rejected at the Central Office level due to not providing a copy of his institution level administrative remedy request and/or response." (Doc. 21-1, p. 3). Petitioner was given the opportunity to resubmit his appeal with the proper documentation, but chose not to. (Doc. 21-1, p. 3). Indeed, petitioner admits that his administrative remedies were "maybe not fully completed . . . ." (Doc. 13, pp. 4-5). The court, therefore, lacks jurisdiction to hear petitioner's claims because he has not properly exhausted all administrative remedies.

Nevertheless, even if petitioner had properly satisfied the administrative remedy requirements of the PLRA, he would still not be entitled to the relief he seeks. Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Thus, petitioner's federal sentence did not begin to run until he was taken back into federal custody on October 29, 2007. Further, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*" *Id.* at § 3585(b) (emphasis added); *see also Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (noting that "a defendant can receive credit for time served only if the specified time period has not been credited against another sentence"). The period of time petitioner seeks to have credited against his federal sentence–April 7, 2005 through September 17, 2007–has already been credited against his sentences for state probation violation and drug conviction. (Docs. 21-1, 21-2). Accordingly, petitioner is not eligible to receive credit for time served under § 3585.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 12), be DISMISSED WITH PREJUDICE.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 4th day of March, 2014.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).